Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| HÉCTOR RODRÍGUEZ BLÁZQUEZ<br><br>PETICIONARIO<br><br>v.<br><br>JUAN M. COLÓN RIVERA, ET. ALS.<br><br>RECURRIDOS | KLCE202401139 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. MZ2021CV00119<br><br>Sobre:<br>Persecución Maliciosa |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Jueza Santiago Calderón

Pagán Ocasio, juez ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de octubre de 2024.

## I.

El 21 de octubre de 2024, Héctor Rodríguez Blázquez (señor Rodríguez Blázquez o peticionario) presentó ante nos una *Petición de Certiorari* en la que solicitó que revoquemos una *Resolución* emitida, notificada y archivada digitalmente en autos por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario) el 17 de octubre de 2024.[2] En el dictamen, el TPI declaró No Ha Lugar una solicitud del peticionario para que se admitiera un *Requerimiento de admisiones* cursado al señor Juan M. Colón Rivera, la señora Nydia Irizarry Martínez y la sociedad legal de gananciales compuesta por ambos, el señor Roberto Vázquez Ramos, la señora Irma Rivera Ramos y la sociedad legal de gananciales compuesta por ambos, el señor Luis Muñiz Colón, Javier Colón Irizarry y Advance Urology Group LLC (en conjunto,

---

[1] Véase Orden Administrativa OATA 2023-0221.
[2] Apéndice de la *Petición de Certiorari*, págs. 339-341.

Número Identificador
RES2024_____

recurridos) en el pleito sobre persecución maliciosa que conduce en contra de estos.

El 22 de octubre de 2024, el peticionario radicó una *Moción en auxilio de jurisdicción* en la que solicitó que ordenemos la paralización del juicio, pautado para comenzar el 23 de octubre de 2024.

Ese mismo día, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de orden en auxilio de jurisdicción promovida por el peticionario.

Más tarde ese día, los recurridos radicaron *Escrito en Oposición a solicitud de auxilio de jurisdicción* requiriendo que no expidamos el recurso al no proceder como cuestión de derecho.

Simultáneamente, los recurridos radicaron *Escrito en Oposición a la expedición del auto de certiorari* solicitando que no expidamos el recurso de *certiorari* y confirmemos la determinación del TPI.

En el mismo día, Javier Colón Irizarry y Advanced Urology Group LLC., radicaron *Moción adoptando por referencia escrito en Oposición a la expedición del auto de certiorari presentado por los recurridos y codemandados Luis Muñiz Colón, Juan Colón Rivera, su esposa Nydia Irizarry Martínez, West Urology Group, PSC y Caribbean Urocentre, CSP* solicitándonos que sean incorporados a los mismos fundamentos de los recurridos en la *Oposición a la expedición del auto de certiorari.*

Así las cosas, en adelante, discutimos los hechos pertinentes al recurso de epígrafe.

**II.**

El caso de marras tuvo su génesis el 29 de enero de 2021 con la presentación de una *Demanda* sobre persecución maliciosa por el

peticionario en contra de los recurridos, Advanced Urology Group, LLC, West Urology Group, PSC y Caribbean Urocentre, CSP.[3]

El 19 de abril de 2021, los codemandados Javier Colón Irizarry y Advanced Urology Group, LLC radicaron la *Contestación a la Demanda.*[4]

Asimismo, el 27 de abril de 2021 los demás recurridos presentaron por su parte la *Contestación a la Demanda.*[5]

El 26 de octubre de 2024, el TPI emitió una *Orden,* calendarizando la *Conferencia con Antelación a Juicio* para el 31 de enero de 2024 y advirtiendo que el *Informe* correspondiente debía ser radicado diez (10) días antes de la vista.[6]

Luego de múltiples trámites procesales[7], el juicio en su fondo quedó pautado para el 23 y 24 de octubre de 2024.[8]

El 3 de septiembre de 2024, el señor Rodríguez Blázquez cursó a los recurridos un *Requerimiento de admisiones.*

El 20 de septiembre de 2024, los recurridos radicaron dos (2) *Solicitudes de prórroga para contestar requerimiento de admisiones* en la que solicitaron al TPI que les concediese un término adicional para responder al *Requerimiento de admisiones.* [9]

Ese mismo día, el TPI emitió dos (2) *Resoluciones* en las que denegó cada una de las solicitudes de prórroga de los recurridos, debido a que el descubrimiento de prueba finalizó y el juicio estaba próximo a celebrarse.[10]

El 30 de septiembre de 2024, el peticionario radicó *Moción Informativa sobre la admisión del Requerimiento de Admisiones* en la que solicitó que se dieran por admitidas las *admisiones* ante la falta

---

[3] Íd., págs. 1-11.
[4] Íd. págs. 93-103.
[5] Íd. págs. 110-117.
[6] Íd. págs. 118-119.
[7] Estas incidencias procesales incluyeron dos peticiones de *certiorari* atendidas en el KLCE202301415 y el KLCE202301416.
[8] Apéndice de la *Petición de Certiorari,* págs. 316-317.
[9] Íd., págs. 318-319.
[10] Íd. págs. 320-323.

de respuesta.[11] En atención a la *Moción* presentada, el 2 de octubre de 2024, los recurridos radicaron *Moción en Oposición a que se den por admitidos Requerimiento de Admisiones* arguyendo que el descubrimiento de prueba había concluido por lo que no procedía admitir los *Requerimientos de Admisiones*.[12]

Finalmente, el 17 de octubre de 2024, el TPI emitió, notificó y archivó digitalmente en autos la *Resolución* recurrida en la que denegó la admisión del *Requerimiento de Admisiones* cursado por el peticionario a los recurridos.[13]

En desacuerdo, el señor Rodríguez Blázquez presentó la *Petición de Certiorari* de epígrafe y le imputó al foro primario la comisión de los siguientes errores:

> Erró en derecho el TPI y abusó de su discreción al no darle virtualidad y reconocer eficacia al requerimiento de admisiones del peticionario por el descubrimiento de prueba haber culminado, a pesar de que los requerimientos de admisiones no son un mecanismo de descubrimiento de prueba y se utiliza para simplificar las controversias del juicio.
>
> Erró el TPI al no dar por admitido el requerimiento de admisiones a pesar de que los recurridos no contestaron el mismo dentro de los veinte días establecidos en la Regla 33 de Procedimiento Civil.

En síntesis, el peticionario arguyó que procedía la expedición del auto de *certiorari* para evitar que se cometiese un fracaso a la justicia al no permitirse la admisión del *Requerimiento de admisiones* para el juicio. En esa línea, el peticionario sostuvo que el *Requerimiento de admisiones* no es un mecanismo de descubrimiento de prueba, más bien, su propósito es aligerar los procedimientos para definir y limitar las controversias del caso. Además, el *Requerimiento de admisiones* cursado por el peticionario a los recurridos, era para simplificar las controversias relacionadas a la admisibilidad de la prueba que iba a presentar en el juicio.

---

[11] Íd. págs. 324-331.
[12] Íd. págs. 332-333.
[13] Íd., pág. 340.

Asimismo, por ser una regla procesal para delimitar las controversias antes del juicio, se permite el *Requerimiento de admisiones* previo al juicio y concluido el descubrimiento de prueba.

Así las cosas, el recurrido alegó que el TPI actuó contrario a derecho al no admitir el *Requerimiento de admisiones*, no respondido, dentro del término establecido en la Regla 33 de Procedimiento Civil, *supra.* A tenor con la normativa antes expuesta, este sostuvo que procedía la admisión automática del *Requerimiento de admisiones.*

Por otra parte, el 22 de octubre de 2024, los recurridos radicaron *Escrito en Oposición a la expedición del auto de certiorari.* A modo de sinopsis, los recurridos arguyeron que no debía expedirse el auto de *certiorari* ya que el presente caso no versa sobre una de las instancias correspondientes para su expedición. Los recurridos sostuvieron que, contrario a derecho, el *Requerimiento de admisiones* fue cursado una vez finalizado el descubrimiento de prueba y el caso estaba señalado para juicio en su fondo. Asimismo, los documentos que el peticionario pretendía autenticar habían sido discutidos en la vista del *Informe de conferencia con antelación a juicio* de modo que el *Requerimiento de admisiones* era ineficaz. Por ende, debía confirmarse la determinación del TPI en no admitir el *Requerimiento de admisión.*

**III.**

**A.**

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeill Healthcare LLC,*** 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Distinto al recurso de apelación, el tribunal

revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez* v. *Torres Ghigliotty***, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir el auto de certiorari sobre materia civil.[14] ***Scotiabank de Puerto Rico* v. *ZAF Corporation, et als.***, 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. ***Medina Nazario* v. *McNeill Healthcare LLC,*** *supra.* En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. ***Torres Martínez* v. *Torres Ghigliotty***, 175 DPR 83, 98 (2008).

---

[14] Esta Regla dispone que:
      [....]
      El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
      Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari*.[15]

**IV.**

Tras un análisis objetivo, sereno y cuidadoso de la *Petición de Certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. La determinación del foro primario de no admitir en evidencia el *Requerimiento de admisión*, una vez finalizado el descubrimiento de prueba y próximo a comenzar el juicio en su fondo, es esencialmente correcta en derecho, toda vez que el TPI la tomó dentro del ámbito de su discreción para el manejo del caso. En este caso, no se configura ninguna de las circunstancias establecidas para la expedición del auto de *certiorari*. A nuestro juicio, no atisbamos error o motivo

---

[15] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

alguno que amerite nuestra intervención. No intervendremos en la función discrecional del TPI en el manejo del caso.

**V.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones